# Exhibit 3



**Joel B. Rothman**
*Board Certified in Intellectual Property Law*

Direct: 561.404.4335
joel.rothman@sriplaw.com

Admitted to Practice
Florida, New York, Georgia and the
Federal Courts of
New York
Florida
Georgia
Colorado
Texas
Arkansas
W.D. Michigan
W.D. Tennessee
Washington DC
and the U.S. Dept. of Veterans Affairs

February 12, 2018

<u>**VIA UPS AND EMAIL:  ron2theprintshop.tv**</u>
Mr. Ron Eikens
Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room
1803 Tamiami Trail North
Naples, FL 34102

Re:   **Glynn v. Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room**
       **Our File No.:  00248-0014**

Dear Mr. Eikens,

We write on behalf of our client Bryan E. Glynn, a photographer, for purposes of
resolving a case of copyright infringement against you by our client.  This demand
is privileged from disclosure pursuant to FRE Rule 408.

Please provide this letter to your general liability insurance carriers or other
providers of insurance that may cover this claim and refer them to the enclosed
demand pursuant to § 627.4137, Florida Statutes, for insurance information in this
matter.

*Bryan E. Glynn ("Glynn")*
Our client is an experienced professional photographer who makes a living from
photography.  Glynn is a master of lighting with extensive experience in using both
natural light and flashes to get spectacular results in any environment.  Glynn also
is the founder of CigarObsession (at www.cigarobsession.com) and the producer of
one of the most popular cigar video review YouTube channels.

Over the years, Glynn has worked in different areas of photography including
architecture, weddings, models, landscapes, concerts, sports, and tabletop. Glynn
has won many awards, both local and National, and his photographs have been
published in magazines and newspapers across the country.  Glynn's work can be
identified at a glance for its crisp almost 3D look without using HDR; instead he
uses off camera flash for dimension and pop, especially in his product work, which
produces incredible details and dimension that stand out like a fingerprint for
clients.

Schneider Rothman Intellectual Property Law Group, PLLC
4651 N Federal Hwy, Boca Raton, FL 33431  P: 561.404.4350  F: 561.404.4353  www.sriplaw.com

Mr. Ron Eikens
Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room
February 12, 2018
Page 2

Glynn retains all copyrights to his photographs.  Glynn licenses his copyrighted
Works, such as the one in this case, for commercial use.

Glynn created the images "14020bmmsir0001", "20131019adslm0001",
"140910fhmm0001", and "20130410fdla0001" hereinafter referred to as the "Works."

The Works at issue are shown below.  At the time the Works were created, Glynn
applied Copyright Management Information to the images as shown.





Mr. Ron Eikens
Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room
February 12, 2018
Page 3





Glynn registered the Works with the Register of Copyrights on January 21, 2017 and was assigned the registration number VAu 1-271-409, a copy of which is enclosed.

*Infringement by Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room ("Smokin Bull")*
The infringement at issue was identified on April 2, 2017. We have enclosed contemporaneous evidence of the infringement by Smokin Bull.

You have employed our client's images in at least the manner indicated in the evidence attached. Your unauthorized use commenced on at least the date

Mr. Ron Eikens
Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room
February 12, 2018
Page 4

indicated above.  You are fully aware that the Works you used are our client's Works.  No one from your company ever sought a license from our client to use the images for any purpose.

You have copied, displayed and distributed our client's images without permission, license or consent.  The use of a creator's photographic image without written consent or license violates the United States Code, Title 17, and The Copyright Act.  The Copyright Act provides for entry of an injunction directing removal of the offending materials pending litigation.  This letter shall serve as formal notice that you immediately cease and desist all unauthorized uses of our client's images.  Any such further uses shall be at your peril.

If you possess a contract, license, agreement or writing on which you will rely for authorization of your use of our client's images, please provide us with this evidence so we may avoid further controversy or litigation.  Otherwise, we will be forced to assume that your use violated the law.

*Damages*
Copyright law provides several different elements of compensation to Glynn when a work is infringed or altered.  Section 504 permits Glynn to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages," or statutory damages of up to $150,000 per work infringed.  Glynn can present both damages theories to the jury and select the higher award any time prior to entry of judgment.

Academic studies have demonstrated that the use of good quality photographs more effectively market and advertise products and drive sales.  Glynn's photographs are of the highest quality.  Glynn's photographs are also scarce since he is one of the only sources of such quality photographs.

Glynn's damages are not limited to what he would have agreed to license the Work for prior to the infringement.  Rather, Glynn's actual damages will be measured by the fair market value of the photographs considering Smokin Bull's use to sell and promote its business.  Glynn's actual damages must be measured in light of Smokin Bull's use of Glynn's high quality and unique photographs.

This is consistent with federal courts' approach to broadly construing the term "actual damages" to favor victims of infringement.  See, e.g., *Davis v. Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001).  The fair market value approach for calculating

Mr. Ron Eikens
Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room
February 12, 2018
Page 5

damages is an accepted approach to valuing the defendants' uses of photographs. See *Leonard v. Stemtech Int'l, Inc.*, Nos. 15-3198, 15-3247, 2016 U.S. App. LEXIS 15565 (3d Cir. Aug. 24, 2016).  In addition, Glynn can offer evidence of the actual cost to take the photographs infringed on a time and materials basis.

Section 504 of the Copyright Act permits Glynn to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Therefore, Glynn will also be entitled to Smokin Bull's profits from the infringement, based upon the revenue Smokin Bull earned in connection with the use of Glynn's photographs.

Alternatively, Glynn could seek statutory damages for infringement in an amount of up to $30,000 per work infringed.  There is also the possibility that a judge or jury could determine that Smokin Bull's infringement was willful.  If Smokin Bull's infringement was shown to be willful, the statutory damage award would increase to an amount up to $150,000 per work infringed.

There is also the issue of the removal of Glynn's copyright management information.  17 USC 1203(c)(3)(B) permits Glynn to recover statutory damages of not less than $2,500 or more than $25,000 per violation of the prohibition against alteration or removal of copyright management information contained in Section 1202.  Based upon Smokin Bull's removal of Glynn's CMI, Glynn will seek the maximum statutory damages of $25,000 per photograph against Smokin Bull for this violation.

*Demand*
In order to determine how to proceed, please provide us with information and documents showing:

1.   the full nature and extent of the use of our client's images, in any and all formats;

2.   representative copies in any and all tangible form and media in which our client's images was incorporated or employed; and

3.   the source of the images;

Upon receipt of this information we will consider and determine an appropriate amount of compensation required to be paid to our client in compensation.

Mr. Ron Eikens
Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room
February 12, 2018
Page 6

Please carefully consider this letter and the associated exhibits and provide them to
your attorneys and insurance carriers.  If we do not receive a response from you or
a representative by February 26, 2018, we will take further steps to protect our
client's rights.  We look forward to your prompt response.

Sincerely,

**Schneider Rothman Intellectual Property Law Group, PLLC**

Joel B. Rothman
Board Certified in Intellectual Property Law

JBR/jcj
Enclosures

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VAu 1-271-409

**Effective Date of Registration:**
January 21, 2017

## Title

**Title of Work:**   Cigar Photographs

## Completion/Publication

**Year of Completion:**   2017

## Author

- **Author:** Bryan Glynn
  **Author Created:** photograph
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1974

## Copyright Claimant

**Copyright Claimant:**   Bryan Glynn
5318 Bob White Dr, Holiday, FL, 34690

## *Rights and Permissions*

**Name:**   Bryan Glynn
**Email:**   bryan@bgpictures.com
**Telephone:**   (727)946-1000
**Address:**   5318 Bob White Dr
Holiday, FL 34690

## Certification

**Name:**   Bryan E. Glynn
**Date:**   January 21, 2017

**Copyright Office notes:**   Basis for Registration: Unpublished collection

Page 1 of 2





Copyright © 2013 Smokin Bull Cigar Room. All Rights Reserved.









**Joel B. Rothman**
*Board Certified in Intellectual Property Law*

Direct: 561.404.4335
joel.rothman@sriplaw.com

<u>Admitted to Practice</u>
Florida, New York, Georgia and the
Federal Courts of
New York
Florida
Georgia
Colorado
Texas
Arkansas
W.D. Michigan
W.D. Tennessee
Washington DC
and the U.S. Dept. of Veterans Affairs

February 11, 2018

**VIA UPS AND EMAIL:  ron2theprintshop.tv**
Mr. Ron Eikens
Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room
1803 Tamiami Trail North
Naples, FL 34102

Re:   **Glynn v. Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room**
      **Our File No.:  00248-0014**

Dear Mr. Eikens,

We write pursuant to § 627.4137, Florida Statutes, to demand a response with insurance information for each known policy of liability insurance your clients may have that may provide coverage for all or a portion of our client's claims in this matter:

(a) The name of the insurer.

(b) The name of each insured.

(c) The limits of the liability coverage.

(d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement, and

(e) A copy of the policy.

Thank you in advance for your anticipated cooperation.

Sincerely,

**Schneider Rothman Intellectual Property Law Group, PLLC**

Joel B. Rothman
Board Certified in Intellectual Property Law



Joel B. Rothman
*Board Certified in Intellectual Property Law*

Direct: 561.404.4335
joel.rothman@sriplaw.com

<u>Admitted to Practice</u>
Florida, New York, Georgia and the
Federal Courts of
New York
Florida
Georgia
Colorado
Texas
Arkansas
W.D. Michigan
W.D. Tennessee
Washington DC
and the U.S. Dept. of Veterans Affairs

April 17, 2018

<u>VIA EMAIL:   ron2theprintshop.tv</u>
Mr. Ron Eikens
Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room
1803 Tamiami Trail North
Naples, FL 34102

Re:    **Glynn v. Cigar Room Clubhouse LLC d/b/a Smokin Bull Cigar Room**
       **Our File No.:  00248-0014**

Dear Mr. Eikens,

We write this follow up letter on behalf of our client Bryan E. Glynn, for the purposes of resolving a case of copyright infringement against you by our client.  This demand is privileged from disclosure pursuant to FRE Rule 408.

Enclosed please find our prior letter dated February 12, 2018, wherein we detailed the basis of the copyright infringement claim against you, including the evidence of infringement.

We note that a review of the accused infringing webpage shows that the infringement has been removed.  However, this does not dispose of our client's claim.  It is imperative that you respond to us.  If we do not hear back from you, we will be forced to take further steps to protect our client's rights including by filing a lawsuit against you.  We also repeat our demand that you tender this claim to your insurance carrier.  We look forward to your prompt response.

Sincerely,

**Schneider Rothman Intellectual Property Law Group, PLLC**

Joel B. Rothman
Board Certified in Intellectual Property Law

JBR/jcj
Enclosure