UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:18-cv-00560-SPC-MRM

BRYAN E. GLYNN,

       Plaintiff,

v.

CIGAR ROOM CLUBHOUSE LLC dba
SMOKIN BULL CIGAR ROOM and
PROPRINT OF NAPLES, INC. dba THE
PRINT SHOP,

       Defendants.

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c):

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)** <br> [Court recommends 30 days after CMR meeting] | January 31, 2019 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** <br> [Each party who has not previously filed must file immediately] | December 14, 2018 |
| **Motions to Add Parties or to Amend Pleadings** <br> [Court recommends 1 - 2 months after CMR meeting] | January 31, 2019 |

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| **Disclosure of Expert Reports**           Plaintiff:<br>                                                                    Defendant:<br><br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | June 7, 2019<br>June 17, 2019 |
| **Discovery Deadline**<br><br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | July 30, 2019 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br><br>[Court requires 4 months or more before trial term begins] | August 30, 2019 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br><br>[14 days before Joint Final Pretrial Statement] | October 18, 2019 |
| **Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word version may be e-mailed to the Chambers mailbox, unless excused by the Court] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br><br>[Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | November 1, 2019 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br><br>[Court recommends 3 weeks before Final Pretrial Conference] | November 8, 2019 |
| **Final Pretrial Conference**<br><br>[Court will set a date that is approximately 3 weeks before trial] | November 8, 2019 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Trial Term Begins**<br><br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases; and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | December 2019 |
| **Estimated Length of Trial** [trial days] | 2 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**      Mediation Deadline:<br>Mediator:<br>Address:<br><br>Telephone:<br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | August 6, 2019<br>Mediator TBD |
| **All Parties Consent to Proceed Before Magistrate Judge** | ☐ Yes<br>☒ No<br>☐ Likely to Agree in Future |

I.     **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), the Parties were granted leave to hold the case management conference by telephone and a meeting was held on

December 7, 2018 (date) at 5:00 PM (time) by telephone (place) and was attended by:

| **Name** | **Counsel for (if applicable)** |
|---|---|
| Alexander Cohen | Plaintiff Bryan Glynn |
| Scott Atwood | Defendant Proprint of Naples, Inc. |

II.   **Preliminary Pretrial Conference**

Local Rule 3.05(c)(30)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases**.

**Track Two cases:** The Court holds a preliminary pretrial conference in most civil cases after the case management report is filed. The purpose of the preliminary pretrial conference is to set dates that will govern the case, for the Court to inform counsel of its practices and procedures, and to discuss any unique issues anticipated.

Unresolved issues to be addressed at such a conference include:

**None**.

III.   **Pre-Discovery Initial Disclosures of Core Information**

**Fed. R. Civ. P. 26(a)(1)(C) – (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ☐ **have exchanged** ☒ **agree to exchange** (check one) information described in Fed. R. Civ. P. 26(a)(1)(A)(i)- (iv) on/by January 31, 2019

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

4

**IV.     Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section III above, and agree that (check one):

☐   No party anticipates the disclosure or discovery of ESI in this case;

☒   One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

**A.**     The form or forms in which ESI should be produced.

**B.**     Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

**C.**     Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

**D.**     The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

**E.**     The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

**F.**     Any issues relating to preservation of discoverable ESI.

**G.**     Assertions of privilege or of protection as trial-preparation materials, including

whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section V. F. below on Confidentiality Agreements.

      **H.**     Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each: **None.**

If there are disputed issues specified above, or elsewhere in this report, then (check one):

☐   One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to rule 16(a), Fed. R. Civ. P.

☒   All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**V.**     **Agreed Discovery Plan for Plaintiffs and Defendants**

      **A.**     **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source

before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

☐   Yes

☒   No Amended Certificate will be filed by Proprint of Naples on or before December 14, 2018.

### B. Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette.  <u>See</u> M.D. Fla. R. 3.03 (e).  The parties further agree as follows:

**Discovery shall be served electronically.**

### C. Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a). The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

| | | |
|---|---|---|
| 1. | Depositions | N/A |
| 2. | Interrogatories | N/A |
| 3. | Document Requests | N/A |
| 4. | Requests to Admit | N/A |
| 5. | Supplementation of Discovery | N/A |

**D.     Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

N/A.

**E.     Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

N/A.

**F.     Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized

need. See <u>Brown v. Advantage Engineering, Inc.</u>, 960 F.2d 1013 (11th Cir. 1992); <u>Wilson v. American Motors Corp.</u>, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  (<u>See</u> M.D. Fla. R. 1.09).  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential".  There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. <u>See</u> M.D. Fla. R. 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, "that no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

**The Parties shall prepare an appropriate confidentiality proposal if necessary and without Court involvement.**

    **G.**    **Electronically Stored Information and Claims of Privilege**

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

**The Parties shall move the Court for protection under Federal Rule of Evidence 502(d).**

    **H.**    **Other Matters Regarding Discovery**

None.

VI. **Settlement and Alternative Dispute Resolution.**

   A. **Settlement**

   The parties agree that settlement is ☒ likely ☐ unlikely (check one).

   The parties request a settlement conference before a United States Magistrate Judge.

   ☐ Yes ☐ No ☒ Likely to request in future.

   B. **Arbitration**

   Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of Local Rule 8.02(a)?

   ☐ Yes ☒ No

   For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

   ☐ Yes ☒ No ☐ Likely to request in future.

   ☐ Binding ☐ Non-Binding

   In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

   ☐ Yes ☒ No ☐ Likely to request in future.

   C. **Mediation**

   Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above and have agreed to the date stated in the table above as the last date for

mediation. The list of mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D. Other Alternative Dispute Resolution

**The parties intend to pursue the following other methods of alternative dispute resolution:**

Dated: December 7, 2018          Respectfully submitted,

| | |
|---|---|
| */s/Alexander C. Cohen* | */s/ Scott E. Atwood* |
| JOEL B. ROTHMAN | Scott E. Atwood |
| Florida Bar No. 98220 | Florida Bar Number: 60331 |
| joel.rothman@sriplaw.com | **scott@atwoodlawfirm.com** |
| ALEXANDER C. COHEN | |
| Florida Bar No. 1002715 | **ATWOOD LAW FIRM, P.A.** |
| alex.cohen@sriplaw.com | 2248 First Street |
| | Fort Myers, Florida 33901 |
| **SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP PLLC** | (239) 898-4130 - Telephone |
| | (866) 898-9129 - Facsimile |
| 4651 N. Federal Hwy | |
| Boca Raton, FL 33431 | *Counsel for DefendantProprint of Naples,* |
| 561.404.4350 – Telephone | *Inc. dba The Print Shop* |
| 561.404.4353 – Facsimile | |

*Counsel for Plaintiff Bryan E. Glynn*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on November 7, 2018, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

*/s/ Alexander C. Cohen*
ALEXANDER C. COHEN

## **SERVICE LIST**

| | |
|---|---|
| Mr. Harris B. Katz<br>Goede, Adamczyk, DeBoest & Cross, PLLC<br>4800 North Federal Highway<br>Suite 307D<br>Boca Raton, FL 33431<br>hkatz@gadclaw.com<br>Attorney for Cigar Room Clubhouse LLC dba Smokin Bull Cigar Room | Mr Scott Atwood<br>Atwood Law Firm, P.A.<br>2248 First Street<br>Fort Myers, FL 33901<br>scott@atwoodlawfirm.com<br>Attorney for Proprint of Naples, Inc. dba The Print Shop |