UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:18-cv-560-FtM-38MRM

BRYAN E. GLYNN,

    Plaintiff,

v.

CIGAR ROOM CLUBHOUSE LLC., and
PROPRINT OF NAPLES, INC.,

    Defendant,

_____/

## DEFENDANT, PROPRINT OF NAPLES, INC.'s, ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, PROPRINT OF NAPLES, INC., by and through undersigned counsel, hereby answers Plaintiff's Amended Complaint (D.E. 16) as follows:

### SUMMARY OF THE ACTION

1. Denied.

2. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

3. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

4. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

5. Admitted

6. Denied.

### JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

9. Admitted as to this Defendant.

10. Admitted as to Venue only. Denied as to all remaining allegations.

## DEFENDANTS

11. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

12. Admitted.

## THE COPYRIGHTED WORK AT ISSUE

13. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

14. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

15. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

## INFRINGMENT BY DEFENDANT

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

22. Denied.

23. Denied as phrased.

24. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

## COUNT I
## COPYRIGHT INFRINGEMENT
## AGAINST BOTH DEFENDANTS

25. Defendant, **PROPRINT of NAPLES, INC.**, restates its responses to the allegations of paragraphs 1 through 24 of this Amended Complaint.

26. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

27. Without sufficient information or knowledge to form a belief as to the truth of the averments, and therefore this Defendant denies this allegation.

28. Denied as to this Defendant. Without sufficient information or knowledge to form a belief as to the truth of the averments as to the remaining allegations, and therefore this Defendant denies this allegation.

29. Denied as to this Defendant. Without sufficient information or knowledge to form a belief as to the truth of the averments as to the remaining allegations, and therefore this Defendant denies this allegation.

30. Denied.

31. Denied.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
## AGAINST PROPRINT OF NAPLES, INC.

32. Defendant, **PROPRINT of NAPLES, INC.**, restates its responses to the allegations of paragraphs 1 through 24 of this Amended Complaint.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE, Defendant denies the allegations contained in paragraphs a. through d. of Plaintiff's prayer for relief and contends that Plaintiff is not entitled to any relief sought therein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim against Defendant upon which relief can be granted.
2. Plaintiff's claims are barred, in whole or in party, by the applicable statute of limitations.
3. Plaintiff's claims are barred to the extent the allegedly unlawful or infringing use of the images/materials at issue was licensed or otherwise authorized by persons or entities with the right to license or authorize such use.
4. Plaintiff's claims are barred by the doctrine of fair use.
5. Plaintiff's copyrights are invalid and/or unenforceable.
6. Plaintiff's claims are barred under the Digital Millennium Copyright Act, 17 U.S.C. §512.
7. To the extent Plaintiff suffered any damages, which this Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.
8. Plaintiff's claims are barred to the extent he has forfeited or abandoned his intellectual property.
9. Plaintiff's claims are barred by the doctrine of misuse of copyright.
10. Plaintiff's claims are barred, in whole or in part, because this Defendant's conduct was in good faith and with non-willful intent, at all times.
11. One or more of the allegedly infringed works lack creativity and is not copyrightable.
12. Plaintiff's claims are barred by the doctrine of *de minimis* use.

13. Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to this Defendant.

14. Some or all of the Plaintiff's works have been released to the public domain and are available on the internet by other sources such that it could be said that Defendant's use is a fair use for which no claim of infringement will lie or the use is protected by the first sale doctrine.

15. Defendant acted in good faith and without any intent to infringe upon Plaintiff's works.

16. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver and estoppel.

17. Plaintiffs' prayer for statutory damages and attorney's fees under the Copyright Act is barred to the extent the alleged copyrights at issue do not meet the registration requirements of the Copyright Act, including 17 USC §412(2).

18. Plaintiff is not entitled to statutory damages or attorneys' fees for failure to timely register his alleged copyrights prior to the alleged commencement of infringing acts.

19. DEMAND FOR ATTORNEY FEES: Defendant has retained undersigned counsel to represent it in this matter and has obligated itself to pay reasonable attorneys' fees therefore, which fees are recoverable against Plaintiff pursuant to 17 U.S.C. §505.

20. Defendant reserves its right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury of all issues so triable as of right by jury.

Respectfully submitted this 15th day of January, 2019.

Respectfully submitted,

KUBICKI DRAPER
City National Bank Bldg., PH
25 West Flagler Street
Miami, Florida 33130
Direct Line: (305) 982-6713
PSB-KD@kubickidraper.com
jr@kubickidraper.com

BY: */s Jennifer Remy-Estorino*
JENNIFER REMY-ESTORINO
Florida Bar No. 013877
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify on January 15, 2019, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

        Respectfully submitted,
        KUBICKI DRAPER
        City National Bank Bldg., PH
        25 West Flagler Street
        Miami, Florida 33130
        Direct Line: (305) 982-6713
        PSB-KD@kubickidraper.com
        jr@kubickidraper.com

        BY: */s Jennifer Remy-Estorino*
        JENNIFER REMY-ESTORINO
        Florida Bar No. 013877
        *Attorneys for Defendant*